T. Frank Kennedy
vs.
R. I. Hospital Trust Company, Ex'r.

No. 67887

September 21, 1927.

SUMNER, J. The plaintiff, a Woonsocket doctor, has brought suit against the defendant as executor, to recover $9,200 for services performed by him as a physician upon Harry L. Lippitt and his daughter, Mrs. Halliwell. The jury returned a verdict for the plaintiff in the sum of $6,905, and defendant has filed its motion for a new trial upon the ground that the damages awarded are excessive.

There are four parts to defendant's claim, namely:

(1) Services rendered to Mrs. Halliwell, 50 calls at $50, $2,500;

(2) Removing a tumor from Harry L. Lippitt, $1,000;

(3) Assisting Dr. Deever in performing an operation upon Harry L. Lippitt, $1,000;

(4) Services rendered Mr. Lippitt prior and subsequent to the operation at Providence and Narragansett Pier, 54 calls in Providence at $50 apiece, and 20 calls at Narragansett Pier at $100 apiece, total $4,700.

The defendant disputes the number of calls made in each instance and claims the two special charges of $1,000 each are excessive.

The plaintiff kept no books or memoranda and made up these charges at some time, the date of which he does not remember. He relies wholly upon his memory.

The defendant, presents Mrs. Halliwell, who testifies that Dr. Kennedy's calls upon her did not exceed eleven or twelve, and also two nurses, Miss Conlon and Mrs. Johnson, who were in attendance upon Mr. Lippitt.

Miss Conlon testifies from the chart that while she was the day nurse, it showed only eight calls made by the plaintiff and there was one telephone call while she was night nurse. Mrs. Johnson, testifying from a chart in her charge, said that it showed only seven calls made by Dr. Kennedy. There were no charts kept after the removal of Mr. Lippitt to Narragansett Pier and Mrs. Halliwell testified that plaintiff only made three calls at that place.

There is, accordingly, a great discrepancy between the claims of the plaintiff and of the defendant. The burden of proof is on the plaintiff. He has charged $50 for his calls at Providence and $100 for his calls at Narragansett Pier. It would seem that he should have some more definite evidence than his mere say-so. It is an estimate based upon memory with only one corroborating witness, Dr. Harris, who testified that the plaintiff made at least fifteen calls upon Mrs. Halliwell within a period of four or five weeks. The Court is not impressed with the accuracy of the plaintiff's memory. He could give no information of his professional income for the three years

preceding the rendering of these services, nor the amount of his income tax, nor did he manifest any willingness to look up the matter. In his direct examination he failed to refer to the fact that he had been in a serious accident in August, 1924, and had made statements to Dr. Cutts, a representative of the U. E. R. Co., which would be inconsistent with his performing some of the services he claims to have rendered defendant's estate.

Both sides introduced expert testimony as to the value of services rendered by a Woonsocket physician visiting Providence and Narragansett Pier. Dr. Harris, who is a well known surgeon, testified as to charges made by him under similar circumstances. Drs. W. B. Cutts, C. H. Griffin and George R. Barden testified as to what they considered reasonable charges. Dr. McLaughlin also testified for the plaintiff but his testimony did not seem to the Court applicable.

It may be noted that Mr. Lippitt finally died of a cancer, a trouble which the plaintiff and his associate had failed to diagnose. This may be important as indicating, perhaps, that Dr. Kennedy did not watch his case as carefully as he might have done.

The Court, after a careful examination of the testimony, has estimated the number of calls made by the plaintiff. It estimates the calls made upon Mrs. Halliwell at 25, a figure suggested by Mr. Halliwell. To be sure Mr. Halliwell's estimate was based somewhat upon hearsay but it seemed helpful to the Court. The Court thinks that the total number of calls made upon Mr. Lippitt figured by the nurses, namely 15, was somewhat low, considering the fact that the decedent was seriously ill with pneumonia for four or five days, during which time, according to the chart, no calls were made upon him, and also feeling, as was testified to by one of the nurses, that mistakes are liable to happen and nurses some-

times neglect to make the entries. It feels that 25 calls would cover the number made by the plaintiff on Mr. Lippitt in Providence. As to the calls made at Narragansett Pier, it adds five to the estimate of three made by Mrs. Halliwell and calls it eight.

The Court figures 25 calls made by plaintiff upon Mrs. Halliwell at $30; 25 calls made by the plaintiff on Mr. Lippitt in Providence at $30, and eight calls made on the decedent at Narragansett Pier at $75. It would allow $100 for the removal of the tumor and $250 for the assistance rendered to Dr. Deever. This makes a total of about $2,500.

The Court feels that in view of the excessive bill presented by the plaintiff, he is not entitled to interest.

Both the plaintiff, Dr. Kennedy, and his associate, Dr. Harris, plainly intimated that the alleged large means of the decedent was a very important factor in fixing the amount of their charges. There was no evidence as to decedent's means and the Court instructed the jury to disregard that fact in fixing the amount of the damages.

Dr. Kennedy testified that he had only charged $100 for an operation in removing a tumor once before, and it seemed to be a fair gauge of his charges.

If Mr. Lippitt made the alleged promise to pay $1,000 to Dr. Kennedy as an assistant to Dr. Deever, the Court believes that he made it under such conditions as would render it void. There is no testimony to show that Dr. Kennedy had ever before gotten such fees as he claims or that he had such practice as would justify them.

It is noted that Dr. Kennedy was injured August 26, 1924, when his automobile collided with a car belonging to the U. E. R. Co., that he was interviewed by Dr. Cutts on December 17, 1925, and told him at that time that he had done no work since the accident. He seemed to have forgotten at

that time that he had performed this operation in January, 1925, for which he charged $1,000, assisted at another operation in April for which he charged $1,000, and had paid professional calls upon Mr. Lippitt for which he charged $4,700. It may be that this omission is indicative of a treacherous memory, or there may be some other explanation of this omission. It also may be noted that plaintiff in his attendance upon Mrs. Halliwell was actively assisted by Drs. Harris and Haberlin, both of whom reside in Providence and undoubtedly called more frequently than the plaintiff; also that in his calls upon Mr. Lippitt, Dr. Harris was actively associated with him and probably made more calls than he did.

Accordingly, the Court grants the defendant's motion for a new trial unless the plaintiff shall, in writing, within three days of the filing of this rescript, remit all of the verdict in excess of $2,500.

For plaintiff: Greene, Kennedy & Greene.

For defendant: Tillinghast & Collins.